# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-941V
**Filed: June 27, 2016**
**[Not to be published]**

```
* * * * * * * * * * * * * * * * * * * *
LORNETTE AMELIA LEWIS,           *
                                 *
                Petitioner,      *      Dismissal; Tetanus-Diphtheria;
v.                               *      Neurological Injury.
                                 *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
                Respondent.      *
* * * * * * * * * * * * * * * * * * * *
```

Phyllis Widman, Widman Law Firm, LLC, Ocean City, NJ, for petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

**Gowen,** Special Master:

      On August 27, 2015, petitioner filed a petition pro se for compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that a tetanus-diphtheria ("TD") vaccination received on September 28, 2011 caused her to suffer "neurological symptoms of generalized Tetanus infection." Petition at ¶ 2, 9, filed Aug. 27, 2015. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On May 23, 2016, petitioner, with the assistance of counsel, moved for a decision dismissing this petition, stating that "[a]n investigation of the facts and science supporting the claim has demonstrated to the Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Motion Dismissing the Petition ("Motion") at ¶ 1, filed June 27, 2016. Petitioner further stated that "to proceed any further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." Id.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged neurological injuries were caused by the TD vaccine.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master